```
1  CURTIS R. TINGLEY (SBN 112322)
   ctingley@tingleylawgroup.com
2  STEPHEN D. COLLINS (SBN 277482)
   scollins@tingleylawgroup.com
3  KEVIN W. ISAACSON (SBN 281067)
   kisaacson@tingleylawgroup.com
4  TINGLEY LAW GROUP, PC
   10 Almaden Boulevard, Suite 430
5  San Jose, California 95113
   Telephone:  (408) 283-7000
6  Facsimile:  (408) 283-7010

7  Attorneys for Defendant
   CHECK YOUR HEAD AGAIN LLC
8

9  IMRAN F. VAKIL (SBN 248859)
   ivakil@nexiolaw.com
10 NEXIO, PC
   23 Corporate Plaza Drive, Suite 150
11 Newport Beach, California 92660
   Telephone:  (949) 478-6830
12 Facsimile:  (949) 478-1275

13 Attorneys for Plaintiff
   SREAM, INC.
14
```

FILED
CLERK, U.S. DISTRICT COURT
JUL 2 7 2015
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

*NOTE CHANGES MADE BY THE COURT.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SREAM, INC., | Case No. 8:14-cv-01000 - BRO (AGR) |
| Plaintiff, | |
| v. | [~~PROPOSED~~] ORDER RE: PROTECTIVE ORDER |
| SALLY YUN; CHECK YOUR HEAD AGAIN LLC; and MUSIC REVOLUTION, INC.; and DOES 1-10 INCLUSIVE, | |
| Defendants. | NOTE CHANGES MADE BY THE COURT. |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff, Sream, Inc. ("Plaintiff"), and Defendant, Check Your Head Again LLC ("CYHA" or "Defendant"), through counsel undersigned, jointly submit this Stipulated Protective Order to govern the handling of information and materials produced in the course of discovery or filed with the Court in this action;

TINGLEY LAW GROUP
ATTORNEYS AT LAW

F83477A5.doc

STIPULATION AND [~~PROPOSED~~] ORDER
RE: PROTECTIVE ORDER
CASE NO. SACV14-01000 BRO AN

## GOOD CAUSE STATEMENT

It is the intent of the parties and the Court that information will not be designated as confidential for tactical reasons in this case and that nothing be so designated without a good faith belief that there is good cause why it should not be part of the public record of this case. Generally, information and documents shall be designated where the Designating Party believes is proprietary, confidential, and/or is trade secret, and which the Designating Party would not publically release. Examples of confidential information that the parties may seek to protect from unrestricted or unprotected disclosure include:

1. Information that is the subject of a non-disclosure or confidentiality agreement or obligation;

2. The names, or other information tending to reveal the identity of a party's supplier, designer, distributor, or customer;

3. Agreements with third-parties;

4. Research and development information;

5. Proprietary engineering or technical information, including product design, manufacturing techniques, processing information, drawings, memoranda and reports;

6. Information related to budgets, sales, profits, costs, margins, product pricing, or other internal financial/accounting information, including non-public information related to financial condition or performance and income or other non-public tax information;

7. Information related to internal operations including personnel information;

8. Information related to past, current and future product development;

9. Information related to past, current and future market analyses and business and marketing development, including plans, strategies, forecasts and competition; and,

10. Trade secrets (as defined by the jurisdiction in which the information is located).

Unrestricted or unprotected disclosure of such confidential, technical, commercial or personal information would result in prejudice or harm to the Designating Party by revealing the Designating Party's competitive confidential information, which has been developed at the expense of the Designating Party and which represents valuable tangible and intangible assets of that party. Additionally, privacy interests must be safeguarded. Accordingly, the parties respectfully submit that there is good cause for the entry of this Protective Order.

## **PROTECTIVE ORDER**

1. Definitions.

    a. The term "CONFIDENTIAL" shall mean and include documents, answers to interrogatories, responses to requests for admission, depositions, affidavits, expert reports, legal briefs or memoranda, and portions of such materials, and information derived therefrom that the Designating Party in good faith believes is confidential. Materials designated "CONFIDENTIAL" may include, but is not limited to: corporate and strategic planning, marketing plans, competitive intelligence reports, sales projections and competitive strategy documents, documents that contains the identity of actual or prospective customers, suppliers, distributors of the Designating Party, technical data, research and development data, proprietary or confidential information used by the Designating Party in or pertaining to its trade or business, which information the Designating Party believes in good faith has competitive value, but which is not generally known to others and which the Designating Party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, and information which the Designating Party believes in good faith falls within the right to privacy guaranteed by the laws of the United States or California. The fact that an item or category is listed as an example in this or other

sections of this Protective Order does not, by itself, render the item or category discoverable.

   b. The term "ATTORNEYS' EYES ONLY" shall mean and include those documents, answers to interrogatories, responses to requests for admission, depositions, affidavits, expert reports, legal briefs or memoranda, and portions of such materials, and information derived therefrom which the Designating Party in good faith believes is confidential that, if disclosed to the receiving party, might cause competitive harm to the Designating Party. Information and material that may be subject to this protection includes, but is not limited to, financial statements, proprietary technical and/or research and development data, documents related to intellectual property in development or which is the subject of a non-public application, financial, marketing and other sales data (such as actual or prospective customer lists, actual or prospective vendor lists, purchase prices, and sales pricing), trade secrets, proprietary items or information, and/or information having strategic commercial value pertaining to the Designating Party's trade or business. Additionally, relevant documents related to the individual employment or employment related disclosures shall be made pursuant to "ATTORNEYS' EYES ONLY" designation to protect the privacy of these individuals.

  2. The term "documents" shall have the same meaning as the terms "documents and electronically stored information" as used in Rule 34 of the Federal Rules of Civil Procedure.

  3. Each party to this litigation may designate any documents, things, interrogatory answers, deposition testimony, and portions of such materials, or other information which it has provided or which a third-party has provided as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" in accordance with this Protective Order. The party designating such information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be known as the

"Designating Party" and the designation shall be set out thereon. Any and all parties receiving information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be known as the "Receiving Party." In designating documents or information as "CONFIDENTIAL", the Designating Party's counsel shall make a good faith determination that the information warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure. Before designating documents or information as "ATTORNEYS' EYES ONLY", the Designating Party's counsel shall make a good faith determination that the information warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure and warrants protection from disclosure to the party receiving the documents or information.

   4. The term "Counsel" shall mean the attorneys of record for any party in this action, their associates and their staff. If any of the parties seek to add counsel of record or substitute counsel of record, then no "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents and information shall be discussed to such additional or substitute counsel until they have agreed to this stipulation by executing Attachment A.

   5. All information designated as "CONFIDENTIAL" shall not be disclosed to anyone other than the parties, Counsel, the Court, court reporters in the course of covering depositions, and the Court's personnel, as well as any experts, consultants, and translators retained by any party or its Counsel for this litigation. All persons other than Counsel, the parties, the Court, and the Court's personnel in the instant action to whom "CONFIDENTIAL" is disclosed shall read this Protective Order in advance of such disclosure and agree in writing to be bound by its terms, in accordance with Paragraph 10 of this Protective Order.

   "CONFIDENTIAL" materials shall not be used for any purpose other than as is set forth in Paragraph 20 of this Protective Order unless and until such designation is removed either by agreement of Lead Counsel or by order of the

Court.

6. All information designated as "ATTORNEYS' EYES ONLY" shall not be disclosed to anyone other than the Court, the Court's personnel, Counsel, and court reporters in the course of covering depositions, as well as any experts, consultants, and translators retained by any party or its Counsel for this litigation. The experts, consultants, and translators who may view "ATTORNEYS' EYES ONLY" cannot be employees or independent contractors of either Plaintiff or Defendant or any of Plaintiff's or Defendant's subsidiaries or affiliated companies. All persons other than Counsel, the Court, and the Court's personnel in the instant action to whom "ATTORNEYS' EYES ONLY" is disclosed shall read this Protective Order in advance of such disclosure and agree in writing to be bound by its terms, in accordance with Paragraph 10 of this Protective Order.

"ATTORNEYS' EYES ONLY" materials shall not be used for any purpose other than as is set forth in Paragraph 20 of this Protective Order unless and until such designation is removed either by agreement of Counsel or by order of the Court.

7. With respect to documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," any person indicated on the face of the document to be its originator, author, or recipient may be shown the documents. Additionally, any document designated as including "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may be shown to any employee of the Designating Party and/or the party that produced in this litigation the document so designated during the deposition of that employee if it is reasonably probable that the employee would have access to or knowledge of the information contained in that document.

8. Prior to disclosing any material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to any expert, consultant, translator or court reporters in the course of covering depositions, retained by the Receiving Party or its Counsel, Counsel for the Receiving Party shall obtain from any such expert,

consultant, translator or court reporter an executed sworn statement in the form of Attachment A, which such Counsel for the Receiving Party shall retain. Disclosure of such information to any expert, consultant, translator or court reporter shall not be deemed an act constituting a waiver of the confidentiality of the material disclosed.

9. In the event the Designating Party elects to produce documents and things for inspection rather than produce copies of documents, no marking need be made by the Designating Party in advance of the initial inspection. Thereafter, upon selection of specified documents for copying by the inspecting party, the Designating Party shall mark the copies of such documents as may contain protected subject matter with the appropriate confidentiality marking at the time the copies are produced to the inspecting party. Said marking shall not delay the production of the copies. Information obtained by counsel from initial review of documents, whether in written form or not, shall be maintained as "CONFIDENTIAL" unless such information is produced without a designation of confidentiality.

10. Whenever a deposition taken on behalf of any party involves a disclosure of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents or information of any party:

a. Said deposition or portions thereof shall be designated as containing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" subject to the provisions of this Protective Order at the time the deposition is taken whenever possible; however, any party shall have until twenty-one (21) days after receipt of the deposition transcript within which to designate in writing to the other party(ies) to the action those portions of the transcript designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," and the right to make such designation shall be waived unless made within the twenty-one (21) day period. During such twenty-one (21) day period, the entirety of the transcript shall be deemed designated

"ATTORNEYS' EYES ONLY" to preserve the right of any party to make a designation of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY";

   b. Any party shall have the right to exclude from attendance at said deposition, during such time as the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents or information is to be disclosed, every individual not entitled under the Protective Order to receipt of the information, excluding the deponent and the Court Reporter.

  11. Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering legal advice to the attorney's party-client with respect to this action, and in the course thereof, relying upon an examination of "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY"; provided, however, that in rendering such legal advice and in otherwise communicating with the party-client, the attorney shall not disclose any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents or information to anyone not authorized to receive such documents, things, materials or information pursuant to the terms of this Protective Order.

  12. Any documents produced in discovery, answers to interrogatories, deposition transcripts, or other documents that are filed with the Court for any purpose and that incorporate information that is designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be filed in compliance with Local Rule 79-5.

  13. Nothing in this Protective Order, or the taking of any action in accordance with the provisions of this Protective Order, or the failure to object thereto, shall be construed as a waiver or admission of any claim or defense of this action. Moreover, the failure to designate information in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to

object to a requested inspection of documents or things, and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery. This Order shall not in any way limit what the Designating Party may do with its own documents or information.

14. In the event anyone shall violate or threaten to violate the terms of the Protective Order, the aggrieved party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Order, and in the event the aggrieved party shall do so, the respondent, subject to the provisions of this Order, shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law. The parties and any other person subject to the terms of this Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Order.

15. In the event that any party disagrees at any stage of these proceedings with the designation of any information as "CONFIDENTIAL" or as "ATTORNEYS' EYES ONLY," the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the confidentiality designation shall seek appropriate relief from the Court. The burden of establishing the propriety of the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation will be upon the Designating Party. Any motion seeking relief from the Court must comply with Local Rules 37-1 and 37-2, including the Joint Stipulation requirement.

16. Except as noted in Paragraph 20, upon final termination of the action, including appeals, or of dismissal in connection with this action, and at the written request of the Designating Party, all documents and things or transcripts of depositions, together with all copies thereof, which have been designated as including "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be returned to the Designating Party (at the expense of the Designating Party) or in absence of a request, shall be destroyed by counsel for the non-designating party. Upon request

TINGLEY LAW GROUP
ATTORNEYS AT LAW
F83477A5.doc
- 9 -
STIPULATION AND [PROPOSED] ORDER
RE: PROTECTIVE ORDER
CASE NO. SACV14-01000 BRO AN

for the return of materials designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", the Receiving Party's counsel shall certify compliance with this provision and shall serve such certification to counsel for the Designating Party not more than ninety (90) days after the written request to return Designated Materials. If no request to return the Designated Materials is made, then counsel for the Receiving Party shall destroy all Designated Materials that he/she did not produce within one hundred and fifty (150) days after final resolution to the instant action. The continuing nature of the obligations in this provision shall not apply to the Court or its personnel.

17.   The termination of proceedings in this action shall not thereafter relieve any person to whom "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" was disclosed from the obligation of maintaining the confidentiality of such information in accordance with the provisions of this Protective Order. The continuing nature of the obligations in this provision shall not apply to the Court or its personnel.

18.   The parties may by written stipulation provide for exceptions to this Protective Order and any party may seek an order of this Court modifying or interpreting this Protective Order. No stipulation amending this Protective Order will have the force or effect of a Court order absent the Court's written approval of it.

19.   Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality or relief from this Protective Order regarding matter designated as containing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

20.   Except as noted in this paragraph, "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" documents and information subject to this Protective Order shall be used by the party(ies) to whom it is produced solely and

exclusively for purposes of the above-captioned litigation and shall not be used for any other cases, proceedings, or disputes or for any commercial, business, competitive or other purpose whatsoever. Notwithstanding, the Parties agree that Plaintiff may indefinitely retain and utilize the information found in third party invoices produced by Defendant in future litigation against such third parties involved in the chain of distribution of allegedly infringing products. Further, no person receiving or reviewing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall disclose it or its contents to any person other than as provided in this Protective Order and for the purposes specified.

21. Subject to paragraph 25 and the rules of evidence, documents, material and information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may be offered in evidence at any discovery hearing ~~or trial~~ in the instant action upon one (1) day's written notice of the intention to do so or, if that is not possible, such shorter notice as the circumstances permit. In the instant action, any party may move the Court, orally or in writing, for an order that the evidence be received *in camera* at a hearing or under other conditions to prevent unnecessary disclosure. The party seeking to use documents, material and information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" must request that the portion of the proceeding where use is made be conducted so as to exclude persons not qualified to receive such documents, material and information. The parties shall meet and confer concerning the use and protection of documents, material and information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in open court at any discovery hearing ~~or trial~~. Prior to the pretrial conference, the parties shall meet and confer concerning appropriate methods for dealing with documents, material and information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at trial.

22. If any party or other person authorized under this Protective Order to receive material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES



TINGLEY LAW GROUP
ATTORNEYS AT LAW
F83477A5.doc
- 11 -
STIPULATION AND [~~PROPOSED~~] ORDER
RE: PROTECTIVE ORDER
CASE NO. SACV14-01000 BRO AN

ONLY" receives a subpoena from a non-party to this Protective Order seeking production or other disclosure of such material, that party or person shall initially refuse to produce any such material and shall immediately give written notice to counsel for the party who produced such material identifying the material requested and enclosing a copy of the subpoena, thereby giving the Designating Party a reasonable opportunity to move to quash said subpoena. Notwithstanding the foregoing, a party or other person who receives a lawfully issued subpoena or other process seeking production or other disclosure of material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" must comply with that subpoena or process unless a court orders otherwise.

23. Each of the parties' employees is bound by the terms of this Protective Order. The continuing nature of the obligations in this Protective Order shall not apply to the Court or its personnel.

24. When a Designating Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

25. The termination of proceedings in this action shall not thereafter relieve any person to whom "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" was disclosed from the obligation of maintaining the confidentiality of such information in accordance with the provisions of this Protective Order. The continuing nature of the obligations in

this provision shall not apply to the Court or its personnel.

IT IS SO ORDERED.

Dated: July 27, 2015

*Alicia G. Rosenberg*
Hon. ~~Arthur Nakazato~~

MAGISTRATE JUDGE
U.S. DISTRICT COURT

TINGLEY LAW GROUP
ATTORNEYS AT LAW

F83477A5.doc

- 13 -

STIPULATION AND [~~PROPOSED~~] ORDER
RE: PROTECTIVE ORDER
CASE NO. SACV14-01000 BRO AN

## STIPULATION

IT IS HEREBY STIPULATED by and among the parties, through their respective counsel, this Honorable Court consenting, that the foregoing Stipulated Protective Order may be entered in this action.

Dated: July 22, 2015            **TINGLEY LAW GROUP, PC**

By: /s/ Kevin W. Isaacson
KEVIN W. ISAACSON
Attorneys for Said Defendant

Dated: July 22, 2015            **NEXIO, PC**

By: /s/ Imran F. Vakil
IMRAN F. VAKIL
Attorneys for Plaintiff

# **ATTACHMENT A**

I, _____ hereby certify that I have read and am fully familiar with the terms of the Protective Order entered in *Sream, Inc. v. Yun, et al.*, Case No. SACV14-01000 BRO AN, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court.

I acknowledge that I am about to receive Confidential Information and/or Attorneys' Eyes Only Information in said action and certify my understanding that such Information is being provided to me pursuant to the terms and restrictions of the Protective Order. I understand that such Information, and any copies I make of any documentary material containing Confidential Information and/or Attorneys' Eyes Only Information, or any notes or other records that may be made regarding any such information, shall not be disclosed to others, except other persons that are identified in and have agreed to comply with and be bound by the terms of the Protective Order. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated this _____ day of _____, 201____.

Signature: _____